NORMAN JETT GRIEST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griest v. Commissioner
Docket No. 7131-94
United States Tax Court
T.C. Memo 1995-165; 1995 Tax Ct. Memo LEXIS 161; 69 T.C.M. (CCH) 2388; April 11, 1995, Filed *161 Norman Jett Griest, pro se. For respondent: John C. Donovan. PARR
PARR
MEMORANDUM OPINION PARR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the year 1990 in the amount of $ 22,077, and additions to tax under sections 6651(a) [1] and 6654(a) of $ 4,549.25 and $ 1,168.80, respectively. The parties resolved all issues in this case, resulting in an agreed deficiency of $ 4,064 and additions to tax under sections 6651(a) and 6654(a) in the reduced amounts of $ 100 and $ 99, respectively. The case is before the Court on respondent's oral motion for a penalty under section 6673(a)(1), which provides: SEC. 6673. SANCTIONS AND COSTS AWARDED BY COURTS. (a) Tax Court Proceedings. -- (1) Procedures instituted primarily for delay, etc. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer *162 primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies,
the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
Petitioner did not file a timely Federal income tax return for 1990. Respondent, pursuant to section 6020(b), prepared petitioner's substitute return for 1990 based on information documents submitted to respondent. The determination in the notice of deficiency was based on the substitute return. According to the petition, the proceeds of a real estate sale were figured by respondent as 100 percent taxable, without any allowance for petitioner's basis. The petition, dated April 30, 1994, states: "I am submitting tax return forms which demonstrate that I do not have the tax liability which IRS figures." Despite this representation to the Court, petitioner did not submit a return or any other documents to respondent until his case was called for trial. Petitioner thus had failed to do these things: To file a return; to respond to four letters from respondent's Appeals Office *163 asking for information; to produce the documents promised in his petition; and to respond to District Counsel's initial letter requesting a meeting and documents to substantiate petitioner's basis. Faced with petitioner's persistent refusal to acknowledge any of her repeated requests for information, on December 14, 1994, respondent served on petitioner a request for production of documents. By order dated January 23, 1995, we compelled petitioner to produce those documents or face possible sanctions. Petitioner did not comply. His only response was a letter to respondent promising the documents by February 13, 1995. However, that was the last respondent heard from petitioner. Petitioner disobeyed the Court's order to comply. In addition, petitioner disobeyed our standing pretrial order, served on him September 29, 1994, with the notice setting his case for trial. That order requires the parties to begin discussion as soon as practicable for purposes of settlement; to stipulate facts to the maximum extent possible; to stipulate all documentary and written evidence, unless the evidence is to be used to impeach the credibility of a witness; and provides that Any documents *164 or materials which a party expects to utilize in the event of trial (except for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 15 days before the first day of the trial session. The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown.
The pre-trial order also requires that, unless a basis of settlement has been reached, each party shall prepare a trial memorandum and submit it directly to the Court and to the opposing party not less than 15 days before the first day of the trial session. Petitioner totally ignored all of the requirements. He did not exchange documents, he did not stipulate, he did not prepare a trial memorandum, and, except for the one letter to respondent promising documents which never materialized, he did not contact respondent although asked to do so. Nevertheless, when the case was called at the trial session, petitioner appeared with documents which he stated would substantiate his basis in the property sold. Respondent asked that, as a sanction for failing *165 to comply with the Court's two orders, petitioner be precluded from introducing these documents in evidence. Respondent's counsel stated (and petitioner did not deny) that only 4 months earlier, in a Tax Court case involving another year, petitioner had done the same thing but had been allowed to present his documents at the calendar call, and the case had been settled. Petitioner's explanation was that he was an engineer on an important Navy project, that his records were disorganized and in disarray, and that he had been unable to take time away from work in order to put the necessary documents together to prepare his return and to comply with the Court's orders. It appeared to the Court that petitioner did indeed have authentic documents which could substantiate his entitlement to the basis he was belatedly claiming, and that preclusion of the evidence would be a harsh penalty tantamount to dismissal of the case. Therefore, we ordered respondent to look at petitioner's documents and to take them into account in determining whether the case might be settled. We thus denied respondent's motion for the sanction of preclusion. However, we stated we would take under advisement *166 respondent's oral motion to impose a penalty against petitioner under section 6673(a). The case was set for trial the following week. When the case was called for trial, the parties announced a basis of settlement. Petitioner had, indeed, substantiated in major part the claimed basis in the real estate sold. The Court then heard oral argument by both parties on whether a penalty should be imposed. Petitioner admitted that procrastination has been a problem for him all of his life, that his documents are habitually in disarray, and that despite his two Tax Court cases (for 1989 and the instant case) he has yet to file his Federal income tax returns for 1991, 1992, or 1993, although he intends to do so "this year". We believe that a sanction is appropriate under section 6673. It appears to the Court that the proceedings before it have been instituted or maintained by petitioner primarily for delay, and further, that petitioner unreasonably failed to pursue available administrative remedies. Sec. 6673(a)(1). Petitioner's procrastination has increased the cost of this litigation to the U.S. taxpayers in the form of respondent's attorney's time, the Court's time, and other expenses *167 connected with the trial such as the salary of the deputy trial clerk and the fees of the Court reporter. Therefore, the Court will require petitioner to pay to the United States a penalty of $ 1,000. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year at issue, unless otherwise indicated.↩