T.C. Memo. 2007-3


UNITED STATES TAX COURT


JULIE K. MCCAMMON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 19719-04, 386-05,     Filed January 8, 2007.
            5557-05.


Julie K. McCammon, pro se.

<u>Terry Serena</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  Respondent determined deficiencies in and

penalties and additions to tax with respect to petitioner's

Federal income taxes for 2000, 2001, and 2002 (docket Nos.

19719-04, 386-05, and 5557-05, respectively), as follows:

| | | Additions to Tax/Penalties, I.R.C. | | |
|---|---|---|---|---|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 | Sec. 6662(a) |
| 2000 | $147,076 | – | – | $29,415.20 |
| 2001 | 341,684 | $85,431 | $13,654.96 | – |
| 2002 | 345,892 | 85,223 | 11,373.05 | – |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner failed to comply with various orders prior to the date set for trial, failed to present evidence concerning her income or deductions at the time of trial, was held in default but given an opportunity to cure the default, and failed to make any bona fide effort to cure the default. The issue for decision is whether respondent's determinations should be sustained in full by reason of petitioner's default. We have reviewed the entire record to determine whether such a sanction is too severe under the circumstances and have decided that it is not.

## Background

Petitioner is a physician who resided in West Virginia at the time that she filed her petitions. For 2000 and 2002, she filed Forms 1040, U.S. Individual Income Tax Return, in which she inserted zeros in each line calling for information concerning income, deductions, or computations of tax. Attached to each of the Forms 1040 was a frivolous statement contending that petitioner did not have taxable income and containing various

other well-worn and long-rejected tax protester arguments. Petitioner failed to file a return for 2001.

Respondent reconstructed petitioner's income from third-party reporting, including Forms W-2, Wage and Tax Statement, issued to petitioner by "Julie K. McCammon, M.D.", Forms 1099 issued for interest paid by banks, capital gain income, and various "medical payments". The wages included in respondent's determination were $325,304 for 2000, $214,114 for 2001, and $256,811 for 2002. The items included in respondent's determinations of income were listed and identified in schedules attached to the statutory notices for each year.

In the petition in each case, petitioner denied that she had any tax liability, denied the income items, and claimed that she had dependents, business expenses, deductions, credits, etc. She did not, however, identify any specific items in dispute.

By notices served April 6, 2006, the three cases were set for trial in Charleston, West Virginia, on September 11, 2006. Attached to the notice of trial was a Standing Pretrial Order that stated, among other things:

> ORDERED that all facts shall be stipulated to the maximum extent possible. All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b), unless the evidence is to be used solely to impeach the credibility of a witness. Objections may be preserved in the stipulation. If a complete stipulation of facts is not ready for submission at the commencement of the trial or at such other time ordered by the Court, and if the Court determines that this is the result of either party's

failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party. Any documents or materials which a party expects to utilize in the event of trial (except solely for impeachment), but which are not stipulated, shall be identified in writing and exchanged by the parties at least 14 days before the first day of the trial session. The Court may refuse to receive in evidence any document or material not so stipulated or exchanged, unless otherwise agreed by the parties or allowed by the Court for good cause shown. * * *

On June 5, 2006, the Court received from petitioner a letter in which she referred to the three docketed cases and stated:

> The docket numbers and tax years appear to be mixed up. Would you please explain to me which docket number applies to which tax year.
>
> This case should be settled. If the IRS would stipulate as to my business expenses, I will stipulate as to the gross receipts and we can settle this case out of court.

In response to that letter, the Court issued an order dated June 6, 2006, which set out the docket numbers, years, deficiencies, and additions to tax and penalties in issue. The order continued:

> The substantial deficiencies in issue in these cases arise from respondent's determination that petitioner failed to report income for the years in issue. As petitioner argues, no allowance has been made for business expenses that would be normal under such circumstances. However, despite petitioner's claims of uncertainty, amounts determined to be her income are specified in the notices of deficiency sent to her for the years in issue as attributable to reporting by third-party payors. In any event, it appears that the within cases contain common issues. Upon due consideration and for cause, it is hereby

ORDERED: That, on the Court's own motion, the above cases are consolidated for trial, briefing, and opinion. It is further

ORDERED: That, on or before July 7, 2006, the parties shall meet in person, at which meeting petitioner shall present to respondent's designated representative all documents that petitioner contends substantiate business expenses or other deductions or exemptions to which she is entitled for the years in issue. At such meeting, respondent shall present to petitioner copies of all third-party payor reports or other information used by the Internal Revenue Service in determining the unreported income reflected in the notices of deficiency in these cases. It is further

ORDERED: That, on or before July 21, 2006, the parties shall, jointly or separately, file with the Court a written report setting out the substance of the meeting ordered above and their progress in compliance with Rule 91, Tax Court Rules of Practice and Procedure, and with the Court's Standing Pretrial Order served with the Notice Setting Case for Trial.

Petitioner failed to comply with the Court's order of June 6, 2006, asserting that her "busy schedule" prevented meeting with respondent. Instead, on July 8, 2006, she wrote a letter to the Court in which she stated:

The docket number 5557-05 for tax year 2002 could not possibly be applicable as my paperwork shows I only have 2 cases in Tax Court, for the years 2000 (Docket 19719-04) and 2001 (386-05).

I have no knowledge of filing an amended petition for tax year 2002 (Docket 5557-05) nor receiving a Notice of Deficiency for this year.

* * * * * *

I did not receive a 90 day letter in reference to tax year 2002 and I did not file any petitions, amended petitions or answers in reference to this year. I deny all tax liability for this year and ask that proof be provided to me to substantiate the claims that I filed

any petitions or documents in accordance with the tax year 2002.  (Docket 5557-05).

I do not understand how you can consolidate my cases, when one case is not in existence.  I request this court correct its records so I may prepare my case for trial.

The Court responded to petitioner's letter, enclosing a copy of the petition that she had filed in docket No. 5557-05, contesting the statutory notice for 2002.  The Court's letter, dated July 27, 2006, continued:

Respondent's status report was filed July 13, 2006, in response to the Court's Order dated June 6, 2006.  Based on respondent's report, the attachments, and your letter, it is obvious that you have not complied with the Court's Order.  Notwithstanding your "busy schedule", immediate attention to these pending matters is necessary.  If you do not comply with the applicable statutes and the Court's Orders and Rules with respect to the exchange of documents and substantiation of your claimed deductions, none may be allowed at the time of trial.

Moreover, your communications to date suggest that these proceedings may have been instituted or maintained primarily for delay and that you have unreasonably failed to pursue available administrative remedies.  In such circumstances, Internal Revenue Code section 6673 authorizes a penalty not in excess of $25,000 (in each docketed case).  Therefore, you are urged to give these matters your immediate, thorough and appropriate attention.

On September 5, 2006, petitioner filed a motion for continuance.  Respondent objected to petitioner's motion for continuance because, in part:

2.  Petitioner alleges in her Motion for Continuance that more time is needed to secure records, prepare for trial, and fill out stipulations.  Respondent issued notices of deficiency to petitioner

on August 18, 2004, November 3, 2004, and January 19, 2005, for the taxable years 2000, 2001, and 2002, respectively. Petitioner filed her amended petitions on December 1, 2004, February 16, 2005, and May 9, 2005, for the taxable years 2000, 2001, and 2002, respectively, alleging that she had business expenses. Petitioner has not made available to respondent any records regarding any business expenses during the two year period that has elapsed since respondent's first notice of deficiency.

*       *       *       *       *       *

4. Petitioner alleges respondent has been unfair, demanding, and unreasonable when petitioner requests settlement, when in fact, petitioner has made no attempt to resolve her cases, has cancelled all conferences scheduled by respondent, and has failed to provide respondent with any evidence whatsoever regarding her alleged expenses, despite respondent's repeated invitations to do so. Petitioner failed to comply with this Court's order of June 6, 2006 to meet and provide such business expenses.

Petitioner's motion for continuance was denied, in part because the Court conducts sessions in Charleston, West Virginia, only once a year. There was no justification for postponing trial for a year in the absence of any assurance that petitioner would make an effort to cooperate in the determination of her tax liabilities.

On September 7, 2006, petitioner filed a motion to recuse, alleging that the judge to whom the cases had been assigned had a personal bias and prejudice against petitioner as a pro se litigant. That motion was denied. The Court had twice, in the order of June 6, 2006, and the letter of July 27, 2006, made special efforts to notify petitioner of what was required of her.

When the cases were called from the calendar for trial on September 11, 2006, petitioner again moved for a continuance. In addition to her claims that she was too busy to produce documents to respondent, petitioner alleged that her accountant had quit in January 2006, 8 months earlier, and that she had hired a new accountant "within the last two weeks". Petitioner still could not identify any erroneous income items included in respondent's determination or any deductions to which she claimed entitlement. Given the opportunity to testify regarding the penalties, she proceeded as follows:

> THE WITNESS [petitioner]: Your Honor, I would like to have it on the record that I am an extremely busy physician in sole practice of obstetrics and gynecology, which no one wants to practice in West Virginia anymore.

> I do high risk obstetrics because there are no high risk obstetricians in my area. I have eight thousand or approximately eight thousand patients now registered in my computer, though I have more. I perform a service by myself that no one else can do, working 24 hours a day.

> I have no vacation, and the last vacation I took was in 1989. I have tried to work with the Court, and I would like to meet with counsel to come up with a settlement. I had just needed more time. My accountant had quit suddenly in January, and as I mentioned previously, I had thought I could do the work myself, and I realized that I couldn't at this time.

> After asking for records from him, I * * * now received them partially, and I have hired a new accountant. I was led to believe that it was my right to file zero if I expected that I would not owe taxes because of my deductions and allowances.

> THE COURT: Who told you that?

THE WITNESS:  My previous accountant had obtained some information.

THE COURT:  Your accountant told you that?

THE WITNESS:  Yes, my previous accountant.

THE COURT:  Do you wish to identify that person?

THE WITNESS:  Not really.

In order to allow petitioner one further opportunity to substantiate deductions, the Court issued an order as follows:

These cases were called for trial in Charleston, West Virginia, on September 11, 2006, pursuant to notice duly given.  Petitioner orally moved the Court for a continuance, which was denied for reasons appearing in the transcript of proceedings.  Petitioner had failed to comply with the Court's Order dated June 5 [June 6], 2006, or the Standing Pretrial Order served with the notice of trial.  The parties did, however, stipulate to Forms 1040 submitted by petitioner for 2000 and 2002 and to the notices of deficiency that are the basis of these cases. Petitioner testified briefly with respect to the penalties in issue, claiming reliance on an "accountant" whom she declined to identify.  Upon due consideration and for cause, it is hereby

ORDERED:  That petitioner is held in default pursuant to Rule 123(a), Tax Court Rules of Practice and Procedure, by reason of petitioner's failure to comply with the Court's orders and rules or otherwise properly to prosecute these cases.  It is further

ORDERED:  That the determinations of income set forth in the statutory notices are sustained by reason of petitioner's failure to assert a reasonable dispute with respect to any item of income reported on the information returns used in respondent's determination. See sec. 6201(d), Internal Revenue Code.  It is further

ORDERED:  That, on or before December 11, 2006, petitioner shall show cause in writing served on respondent and filed with the Court why the within cases should not be dismissed by reason of her failure

properly to prosecute these cases, with decisions entered in the full amounts of deficiencies, additions to tax, and penalties determined in the statutory notices. Such showing shall include (1) a representation that, on or before October 23, 2006, petitioner delivered to respondent's counsel, or to a designee of respondent's counsel, all documents identifying or substantiating deductions, exemptions, or credits to which petitioner claims entitlement for tax years 2000, 2001, and 2002 and (2) a report with respect to items remaining in dispute after respondent's response ordered hereinbelow. Such report shall include copies of all documents relating to the items remaining in dispute, identification of witnesses that petitioner would call at any further trial of these cases, a summary of the testimony of each such witness, and an estimate of the time required for such testimony. It is further

ORDERED: That, on or before November 22, 2006, respondent shall advise petitioner in writing with respect to any deductions, exemptions, or credit that respondent will allow for the years in issue based on the material produced to respondent by petitioner no later than October 23, 2006. It is further

ORDERED: That, on or before December 11, 2006, respondent shall serve on petitioner and file with the Court a written report as to respondent's then position as to further proceedings in these cases.

The parties are advised that further trial of these cases, if appropriate, may be set in Washington, D.C., as indicated at the hearing on September 11, 2006, or, if the parties agree, may be set in Louisville, Kentucky, during the Trial Session of the Court scheduled to commence there on February 5, 2007.

Petitioner failed to comply with the Court order of September 11, 2006. She did not present to respondent any substantiation of expenses claimed. She did provide copies of unsigned Forms 1120S, U.S. Income Tax Return for an S Corporation, for the periods ended December 31, 2000;

December 31, 2001; and December 31, 2002. By letter dated November 7, 2006, respondent notified petitioner in writing that the documents did not support respondent's consideration or allowance of any deductions, exemptions, or credits from or against her individual income or income taxes. Although the date by which petitioner was to submit documentation pursuant to the Court's order had passed, respondent requested that petitioner provide substantiation of any items she would like to be considered. Petitioner failed to provide any further substantiation, responding only with a letter containing a spurious attack on respondent's counsel. Neither party has requested further trial of these cases.

The Forms 1120S that were submitted by petitioner to respondent reported "Compensation of officers" of $325,304; $214,114; and $256,811, which corresponded to the amounts determined by respondent for 2000, 2001, and 2002, respectively. In addition, the Forms 1120S reported ordinary income distributed to petitioner as the sole S corporation shareholder of $116,493; $247,729; and $161,859 for 2000, 2001, and 2002, respectively. The shareholder distributions were not included in the amounts of income determined in respondent's statutory notices. The Social Security number shown for petitioner on the Forms 1120S is not the same as the Social Security number shown for petitioner on her Forms 1040 and on the petitions filed in these cases. The

amount of gross receipts reported on Form 1120S for 2000 was $731,619, and presumably was compensation for petitioner's services as a physician. Only $79,703 in medical payments was included as income in the statutory notice for 2000. The gross receipts reported on Form 1120S for 2001, $731,091, exceeded the medical payments included in the statutory notice for 2001, $614,748. The gross receipts reported on Form 1120S for 2002, $739,085, exceeded the medical payments included in the statutory notice for that year, $612,981.

## Discussion

Rule 123 provides in part as follows:

>      (a) Default:  If any party has failed to plead or otherwise proceed as provided by these Rules or as required by the Court, then such party may be held in default by the Court either on motion of another party or on the initiative of the Court.  Thereafter, the Court may enter a decision against the defaulting party, upon such terms and conditions as the Court may deem proper, or may impose such sanctions (see, e.g., Rule 104) as the Court may deem appropriate.  The Court may, in its discretion, conduct hearings to ascertain whether a default has been committed, to determine the decision to be entered or the sanctions to be imposed, or to ascertain the truth of any matter.

>      (b) Dismissal:  For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof, and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.

Rule 149(b) provides in part as follows:

> (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be ground for dismissal or for determination of the affected issue against that party. * * *

Generally, petitioner has the burden of showing errors in respondent's determinations. Rule 142(a). Section 7491(a) provides for the burden of proof on respondent if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertain her liability, has complied with substantiation requirements, has maintained all records required, and has cooperated with reasonable requests for witnesses, information, documents, meetings, and interviews. Petitioner has done none of those things, and the burden of proof remains with her. Notably, with respect to deductions, petitioner must bear the burden of proof. See Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. With respect to penalties, section 7491(c) ordinarily imposes the burden of production on respondent, as discussed below.

While claiming throughout these cases that she did not owe any taxes or wished to settle her tax liability, petitioner has repudiated efforts by respondent's counsel and by the Court to secure information necessary to a negotiated settlement or to a determination on the merits. Petitioner seeks "waiver" of the

penalties and additions to tax on the ground that she is too busy to keep up with her tax obligations.

The deductions claimed on the S corporation returns that petitioner produced have not been substantiated. Even taking them at face value, however, for 2000, petitioner received wages ($325,304) and S corporation profits ($116,493) exceeding the total wages and medical payments determined in the statutory notice ($405,007). For 2001 and 2002, the income reported on the S corporation returns substantially exceeded the medical payments income discovered by respondent as a result of third-party reporting. Although it is not clear whether or when the S corporation returns were filed, use of a different Social Security number for petitioner apparently resulted in the corporation's net income's not being included in the notices of deficiency. Petitioner's recalcitrance has made it impossible to determine with confidence the precise amount of her taxable income. On the entire record, however, we cannot conclude that the deficiencies are excessive. Thus, we do not believe that justice requires that petitioner be provided any further opportunities to cure her prior defaults.

Petitioner has repeatedly asserted that respondent's counsel and the Court are biased against pro se litigants. She has made other spurious charges. Petitioner's claims are totally without merit. The Court's orders and Rules take into consideration that

the majority of the cases pending in this Court are filed by pro se litigants, most of whom do not have the educational background that petitioner has.  (Of the 46 groups of cases on the September 11, 2006, calendar in Charleston, West Virginia, 43 groups involved pro se taxpayers.  Thirty-three groups of cases settled before or shortly after the calendar call.)  Petitioner's pro se status does not entitle her to disregard orders or Rules of the Court.  See, e.g., Bauer v. Commissioner, 97 F.3d 45 (4th Cir. 1996).  She was clearly warned by the Court's orders and letter of the consequences of her failure to comply.  If petitioner truly desires a settlement, she must present respondent's counsel with information that would justify any concession by respondent.  If she wishes to refute the deficiencies on the merits, she must produce evidence.  She has refused to do anything to show merit in her cases.

In the statutory notices and in respondent's trial memorandum, each item of income determined in respondent's determination for each year is listed by payor, form of third-party report, and amount.  That information was also provided to petitioner in accordance with the Court's order of June 6, 2006, yet petitioner has shown no error in the determination of income. See sec. 6201(d).  We infer from her failure to produce evidence that she has none or that it would be unfavorable to her claims.

See <u>Wichita Terminal Elevator Co. v. Commissioner</u>, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

Petitioner has not presented any substantiation of deductions claimed on the Forms 1120S or any other deductions that she wished to claim on her Forms 1040.  In effect, she has received the benefit of some unsubstantiated deductions from the gross income acknowledged on the Forms 1120S, which exceeds the income determined to be taxable to her.  We cannot conclude that the income set forth in the statutory notices as compensation for her medical services exceeds the correct total income taxable to her as wages or as S corporation income.  She has not identified any error in the determinations of interest or capital gain income.  She has given us no indication that personal itemized deductions exceed the standard deduction allowed in the statutory notices.

The record contains copies of the Forms 1040 submitted by petitioner for 2000 and 2002.  For 2000, respondent determined a penalty under section 6662(a).  Petitioner's Form 1040, with its frivolous attachment, on its face establishes negligence.  Petitioner's testimony that an unidentified accountant advised her that she could file "zero income returns" does not show reasonable reliance or good faith and is not credible.

For 2001, respondent contends, and petitioner does not deny, that petitioner did not file a return.  For 2002, the record

reflects that petitioner again submitted a frivolous Form 1040, which was not a valid return. See Cabirac v. Commissioner, 120 T.C. 163, 168-170 (2003). Petitioner's arguments with respect to the penalties and additions to tax, i.e., that she was "too busy" to comply and relied on the unidentified accountant, have no merit.

Petitioner was fully warned in the letter of July 27, 2006, on the record at the time for trial, and by our order of September 11, 2006, of the consequences of her failure to produce evidence in support of her deductions or otherwise properly to prosecute these cases. She did not comply with the orders of the Court. On the existing record, we are satisfied that the appropriate action under Rules 123 and 149(b) is to make our order to show cause absolute and to dismiss these cases.

In the Court's letter dated July 27, 2006, the Court referred petitioner to the provisions of section 6673(a)(1), which are:

> SEC. 6673(a). Tax Court Proceedings.--
>
> (1) Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--
>
> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>
> (B) the taxpayer's position in such proceeding is frivolous or groundless, or

> (C) the taxpayer unreasonably failed to pursue available administrative remedies,
>
> the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

By her repeated refusals to provide substantiation of her deductions and other claims, petitioner has unreasonably failed to pursue available administrative remedies. Even if she had belatedly produced acceptable substantiation, a penalty under section 6673 might be appropriate. See Suri v. Commissioner, T.C. Memo. 2004-71, affd. 96 AFTR 2d 2005-6526 (2d Cir. 2005); Griest v. Commissioner, T.C. Memo. 1995-165. We are not imposing a penalty at this time, because dismissal of the petitions is sanction enough. However, inasmuch as petitioner has filed another petition in this Court for 2003 (docket No. 10677-06), she is hereby warned that the type of recalcitrance, obstruction, and procrastination evident in these cases may result in an additional sanction of up to $25,000.

To reflect the foregoing,

An appropriate order and decision will be entered in each case.