T.C. Memo. 2007-17

UNITED STATES TAX COURT

ANDREW CHOOK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4526-05.                    Filed January 29, 2007.

<u>Thomas Stylianos, Jr.</u>, for petitioner.

<u>Michael R. Fiore</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in petitioner's 2002 Federal income tax of $171,823 and an accuracy-related penalty under section 6662(a) of $34,365.[1]  The issues

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.  All

(continued...)

for decision are: (1) Whether petitioner received but did not report income in the form of nonemployee compensation paid to him by Unwrapped, Inc. (Unwrapped); (2) whether petitioner is liable for a fraud penalty under section 6663(a),[2] or in the alternative, an accuracy-related penalty under section 6662(a); and (3) whether petitioner is liable for a penalty under section 6673(a)(1)(C) for unreasonable failure to pursue available administrative remedies.

## FINDINGS OF FACT

Petitioner did not cooperate with respondent in preparing a stipulation of facts. At the time he filed his petition, petitioner resided in Brockton, Massachusetts.

During 2002, petitioner operated Liberty Temporary Agency (Liberty Temp).[3] While the nature of Liberty Temp is unclear, it appears that Liberty Temp provided temporary workers to Unwrapped, Inc. (Unwrapped), a "production stitching" company. During 2002, Unwrapped issued checks totaling $447,084 to "Liberty Temp--D/B/Andrew Chook", which petitioner endorsed and

---

[1](...continued)
amounts are rounded to the nearest dollar.

[2] Respondent asserted that petitioner was liable for a fraud penalty under sec. 6663(a) in an amendment to answer, discussed infra.

[3] On Sept. 23, 1993, an employer identification number was assigned to Liberty Temp, and a Notice of New Employer Identification Number Assigned was mailed to Liberty Temp and Richard Nguon.

either cashed or deposited into an unidentified account. Unwrapped issued a Form 1099-MISC, Miscellaneous Income, to "Liberty Temp.-D/B/Andrew Chook" for 2002, reporting nonemployee compensation of $447,084.

Petitioner timely filed a Federal income tax return for 2002. Petitioner reported total income of $14,400, total tax of zero, total payments of $4,055, and requested a refund of $4,055. Petitioner did not report the money received from Unwrapped, nor did he claim any deductions related to the operation of Liberty Temp.

On December 6, 2004, respondent issued petitioner a notice of deficiency for 2002. Based on information reported by Unwrapped, respondent determined that petitioner received but failed to report income of $447,084 from nonemployee compensation. Respondent determined a deficiency in petitioner's 2002 Federal income tax of $171,823 and an accuracy-related penalty under section 6662(a) of $34,365.

In response to the notice of deficiency, petitioner filed a petition with this Court on March 7, 2005.

Despite the requirements of the United States Tax Court's Rules of Practice and Procedure, the Court's standing pretrial order,[4] and respondent's repeated attempts to meet with

_____

[4] The standing pretrial order, along with the notice setting case for trial, was filed on Oct. 6, 2005. The standing
(continued...)

petitioner and exchange information, petitioner failed to cooperate in the preparation of this case for trial.[5] Additionally, petitioner failed to respond to respondent's requests for admission.  As a result, the following facts were deemed admitted under Rule 90(c):

(1) Checks from Unwrapped in the aggregate amount of $447,084 were made payable to petitioner during 2002;

(2) Petitioner endorsed and deposited or cashed checks from Unwrapped in the aggregate amount of $447,084 during 2002;

(3) During 2002, petitioner received taxable income from the operation of Liberty Temp;

---

[4](...continued)
pretrial order stated in pertinent part:

> To facilitate an orderly and efficient disposition of all cases on the trial calendar, it is hereby

> ORDERED that all facts shall be stipulated to the maximum extent possible.  All documentary and written evidence shall be marked and stipulated in accordance with Rule 91(b) * * *.  If a complete stipulation of facts is not ready for submission at the commencement of the trial or at such other time ordered by the Court, and if the Court determines that this is the result of either party's failure to fully cooperate in the preparation thereof, the Court may order sanctions against the uncooperative party.  Any documents or materials which a party expects to utilize * * *, but which are not stipulated, shall be identified in writing and exchanged by the parties at least 14 days before the first day of the trial session. * * *

[5]  Petitioner provided respondent with limited documents, but only after the Court granted respondent's motion to compel production of documents.

(4) Petitioner did not report the income he received from the operation of Liberty Temp on his 2002 return;

(5) Because petitioner did not report the income received from the operation of Liberty Temp on his 2002 return, he underpaid the tax required to be shown on that return;

(6) The underpayment of tax required to be shown was attributable to fraud;

(7) Petitioner unreasonably failed to pursue available administrative remedies with respondent; and

(8) Respondent requested an informal interview with petitioner, but petitioner refused.

At no point did petitioner move to withdraw or modify the deemed admissions.

To reflect the deemed admissions, respondent filed an amendment to answer asserting that petitioner was liable for a fraud penalty under section 6663(a) in the alternative to the accuracy-related penalty under section 6662(a) asserted in the notice of deficiency.  Respondent also filed a motion to impose a penalty under section 6673(a)(1)(C) for petitioner's unreasonable failure to pursue available administrative remedies.

On March 13, 2006, the day of calendar call, petitioner filed a motion to continue.  Petitioner's motion was denied.

OPINION

I.  Unreported Income From Liberty Temp

Generally, the taxpayer bears the burden of proving the Commissioner's determinations incorrect.  Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  If the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the taxpayer's tax liability, the Commissioner bears the burden of proof with respect to that issue.  Sec. 7491(a)(1).  However, the burden of proof will not shift to the Commissioner where the taxpayer fails to maintain records in accordance with the Internal Revenue Code or fails to cooperate with reasonable requests made by the Commissioner for witnesses, information, documents, meetings, and interviews.  Sec. 7491(a)(2)(B).

Section 7491(a)(1) does not shift the burden of proof to respondent with respect to petitioner's liability for a deficiency in tax because petitioner has not produced credible evidence with respect to that issue, nor has petitioner maintained records or cooperated with respondent's reasonable requests.  Therefore, petitioner bears the burden of proving incorrect respondent's determination that $447,084 received from Unwrapped is included in petitioner's income in 2002.  Petitioner has not met this burden.

Petitioner testified that he was merely an intermediary and that Richard Nguon (Mr. Nguon), a friend who lived in Cambodia, owned Liberty Temp. Petitioner further testified that he used the money received from Unwrapped to pay Liberty Temp's employees and to pay himself $200 per week, and that he sent any remaining money to Mr. Nguon by wire transfer or hand delivery.[6]

Petitioner did not produce any documents or other evidence to corroborate his testimony.[7] Petitioner asserted that his failure to produce such evidence was the result of a several-week trip he took to Cambodia immediately before trial to be with his dying aunt. Petitioner argued that, had the Court granted his motion to continue, he could have produced additional evidence or

---

[6] Petitioner does not argue explicitly, if at all, that money paid to Liberty Temp's employees and to those who hand-delivered money to Mr. Nguon is deductible as business expenses. Under the Cohan rule, if a claimed expense is deductible, but the taxpayer is unable to fully substantiate the amount, the Court is permitted to make an approximation of an allowable amount. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, the taxpayer must provide at least some evidence from which to estimate a deductible amount. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Other than his unsupported testimony, petitioner provided no evidence to establish that any expenses were deductible. Petitioner provided no evidence from which we may estimate a deductible amount.

[7] Petitioner cites the Notice of New Employer Identification Number Assigned that was mailed to Liberty Temp and Mr. Nguon on Sept. 23, 1993, as evidence that Mr. Nguon was the true owner of Liberty Temp during 2002. See supra note 3. This document does not establish Mr. Nguon's ownership, nor does it support any of petitioner's other claims.

secured the testimony of Mr. Nguon.  Petitioner's explanation is unpersuasive.

Petitioner filed his petition on March 7, 2005, and the Court's notice setting case for trial on March 13, 2006, and standing pretrial order were filed October 6, 2005.  Petitioner had over 1 year from the time of filing his petition and over 5 months after the case was set for trial to prepare his case.  His absence in the weeks leading up to trial does not excuse his failure to prepare for trial.  Additionally, petitioner testified that he did not keep any business records.  It is difficult to understand how, if no records were kept, more time would have allowed petitioner to produce additional documents to support his testimony.

We do not find petitioner's unsupported and self-serving testimony to be credible.  Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  Additionally, petitioner was deemed to have admitted that the money received from Unwrapped was taxable income to him. Therefore, we sustain respondent's determination and find that petitioner received but failed to report income of $447,084, resulting in a deficiency in petitioner's 2002 Federal income tax of $171,823.

II.  Fraud Penalty Under Section 6663(a)

Section 6663(a) provides:  "If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud."  The Commissioner bears the burden of proving by clear and convincing evidence that an underpayment of tax was attributable to fraud. Sec. 7454(a); Rule 142(b).  The Commissioner may satisfy this burden by relying on deemed admissions.  Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985); Doncaster v. Commissioner, 77 T.C. 334, 336-337 (1981).

Petitioner was deemed to have admitted that he underpaid the tax required to be shown on his 2002 return and that the underpayment was attributable to fraud.  These deemed admissions are sufficient for respondent to carry his burden of proving by clear and convincing evidence that petitioner's underpayment of tax was attributable to fraud.  See Marshall v. Commissioner, supra at 272-273; Doncaster v. Commissioner, supra at 336-337. Additionally, petitioner kept no books or records and failed to cooperate in the audit of his return, both of which are indicia of fraud.  See, e.g., Bradford v. Commissioner, 796 F.2d 303, 308 (9th Cir. 1986), affg. T.C. Memo. 1984-601; Smith v. Commissioner, 91 T.C. 1049, 1059-1060 (1988), affd. 926 F.2d 1470

(6th Cir. 1991).  Therefore, we find that petitioner is liable for a fraud penalty under section 6663(a) of $128,867.[8]

III. Penalty Under Section 6673(a)(1)(C)

Section 6673(a)(1)(C) authorizes the Court to require a taxpayer to pay the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that the taxpayer unreasonably failed to pursue available administrative remedies. A penalty under section 6673(a)(1)(C) may be appropriate if a taxpayer fails to comply with the Commissioner's requests for records made prior to trial when, had he produced those records when requested, there would have been fewer disputed issues at the commencement of trial.  See Suri v. Commissioner, T.C. Memo. 2004-71 ($1,000 penalty imposed where the taxpayer repeatedly failed to meet with respondent's counsel or provide relevant information that ultimately led to the settlement of various items of income), affd. 96 AFTR 2d 2005-6526 (2d Cir. 2005); Edwards v. Commissioner, T.C. Memo. 2003-149 ($24,000 penalty imposed where the taxpayer took frivolous and groundless positions and unreasonably failed to pursue available administrative remedies), affd. 119 Fed. Appx. 293 (D.C. Cir. 2005).  A penalty is also appropriate under section 6673(a)(1)(C)

---

[8] $171,823 (deficiency/underpayment) x 0.75 = $128,867.25. Because we find petitioner to be liable for a fraud penalty under sec. 6663(a), we need not determine whether petitioner is liable for an accuracy-related penalty under section 6662(a).

where a taxpayer's procrastination has increased the costs of litigation. See <u>Griest v. Commissioner</u>, T.C. Memo. 1995-165 ($1,000 penalty imposed where a case was settled at the time of trial after the taxpayer substantiated his basis to reduce sales proceeds determined to be income).

Respondent filed a motion to impose a penalty under section 6673(a)(1)(C) for petitioner's unreasonable failure to pursue available administrative remedies. The record in this case establishes repeated failures of petitioner to meet with respondent and to provide information relevant to unreported income at issue. Had petitioner provided such information, this case might have been susceptible to settlement, which would have decreased the costs of litigation. Additionally, petitioner was deemed to have admitted that he unreasonably failed to pursue available administrative remedies. Therefore, we shall grant respondent's motion and require petitioner to pay to the United States a penalty of $1,000.

To reflect the foregoing,

<u>An appropriate order</u>
<u>and decision will be entered</u>.