T.C. Memo. 2008-114

UNITED STATES TAX COURT

JULIE K. MCCAMMON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10677-06.                    Filed April 24, 2008.

Julie K. McCammon, pro se.

<u>Alisha M. Harper</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  Respondent determined a deficiency of $49,308

in petitioner's Federal income tax and an accuracy-related

penalty of $9,861.60 under section 6662(a) for 2003.[1]

---

[1]All section references are to the Internal Revenue Code
(Code) for the year at issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

The issues for decision are:

(1) Whether petitioner is liable for tax on $8 of interest income. We hold that she is;

(2) whether petitioner is liable for tax on $2,224 of dividend income. We hold that she is;

(3) whether petitioner is liable for tax on $191,307 of wages. We hold that she is;

(4) whether petitioner is liable for tax on $190,567 of flow-through income from her wholly owned S corporation. We hold that she is;

(5) whether petitioner is liable for an accuracy-related penalty under section 6662(a) of $22,821.40. We hold that she is liable for this penalty; and

(6) whether petitioner is liable for a penalty under section 6673. We hold that she is liable for this penalty.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in West Virginia at the time this petition was filed.

Petitioner is a medical doctor and the sole shareholder and president of Julie McCammon, M.D., Inc. (petitioner's S corporation).

Petitioner filed a Form 1040, U.S. Individual Income Tax Return, for tax year 2003 showing zero tax liability. Attached to petitioner's return was a statement explaining that petitioner did not have any income "in a constitutional sense".

Petitioner's S corporation filed a Form 1120S, U.S. Income Tax Return for an S Corporation, showing ordinary income of $190,567 after deductions, including a deduction for compensation of officers in the amount of $191,308. This $191,308 reflects income paid to petitioner as president of petitioner's S corporation. A portion of respondent's deficiency determination was based on this unreported wage income.

Attached to the Form 1120S was a Schedule K-1, Shareholder's Share of Income, Credits, Deductions, etc., listing petitioner as the 100-percent shareholder and showing ordinary income from trade or business activities in the amount of $190,567.

Respondent examined petitioner's Form 1040 and determined, using information from third-party payors, that petitioner had understated her income by $194,881. The understatement included unreported income from interest, dividends, and wages. It did not include the ordinary income of petitioner's S corporation. Respondent sent petitioner a statutory notice of deficiency dated April 14, 2006, for the 2003 tax year.

On May 30, 2006, petitioner mailed a letter to the Court that was filed on June 5, 2006, as an imperfect petition. The

Court ordered petitioner to submit a proper amended petition to conform with the Rules.  On August 28, 2006, the Court received and filed petitioner's amended petition.  In the amended petition, petitioner sets forth specific reasons she disagrees with respondent's notice of deficiency.

In response, respondent filed an answer to the amended petition.  In addition, respondent filed a motion for leave to file amendment to answer to amended petition seeking to increase petitioner's tax deficiency and penalty under section 6662(a).  The increases in the deficiency and penalty were based upon respondent's inclusion of the ordinary income of petitioner's S corporation in petitioner's income.

The Court granted respondent's motion to amend, and the amendment to answer to amended petition was filed reflecting a recalculated and increased deficiency and penalty for the 2003 tax year.  The increased deficiency and penalty were:  (1) A deficiency in tax of $114,107, and (2) a penalty of $22,821.40 under section 6662(a).  Respondent's position was that petitioner received but failed to report:  (1) $8 of interest income from H. Arthur Samet Childrens Trust; (2) $2,224 of dividends from H. Arthur Samet Childrens Trust; (3) $191,307 of wages from petitioner's S corporation; and (4) $190,567 of flow-through income from petitioner's S corporation.

At trial petitioner orally moved for a continuance, which was denied. Petitioner claimed that she was unprepared and unable to proceed because she had planned on having her C.P.A. (who was not admitted to practice before this Court) represent her. Petitioner was not prepared in any way for trial. She did not have any documentation or evidence of any kind and was not represented by counsel.

Petitioner's 2000, 2001, and 2002 Tax Years

Petitioner is not new to this Court. Petitioner's 2000, 2001, and 2002 tax liabilities were redetermined by this Court in the case of McCammon v. Commissioner, T.C. Memo. 2007-3 (McCammon I). In this earlier case petitioner put forth the same arguments, failed to comply with various orders before trial, and failed to present evidence to support her arguments, as she has in the case at hand.

In McCammon I petitioner's Forms 1040 for 2000 and 2002 (petitioner did not file a Form 1040 for 2001) each showed a zero tax liability and included a statement similar to the one attached to her 2003 return (the year at issue herein), alleging that petitioner was not liable for any tax. Petitioner also made numerous requests for continuances. These requests were based upon circumstances similar to those made in this case: (1) Petitioner was not prepared; (2) petitioner's prior accountant was responsible for any and all errors; and (3) petitioner's

current accountant was newly hired and not yet prepared to represent her.

In McCammon I, petitioner was warned in a letter dated July 27, 2006, from the Court that it appeared that she was instituting proceedings primarily for delay and that she had unreasonably failed to pursue administrative remedies. Petitioner was also warned that she was subjecting herself to the possible imposition of penalties under section 6673 if she continued to maintain meritless proceedings. In response, petitioner filed a motion requesting a continuance. Petitioner's motion was denied, as there was no justification for postponing a trial without any assurances from petitioner that she would make an effort to cooperate in the determination of her tax liabilities. Petitioner then filed a motion to recuse, alleging that the Judge had "a personal bias and prejudice against petitioner as a pro se litigant." McCammon v. Commissioner, supra.

Petitioner's motion to recuse was denied and the case called for trial. Petitioner requested yet another continuance. This request was based upon petitioner's claims that she was too busy with her medical practice to collect documents and present them to respondent, that petitioner's accountant had quit over 8 months earlier, and that petitioner's new accountant had been hired only 2 weeks earlier.

At trial in McCammon I, petitioner was still unable to identify any erroneous items included in respondent's determination or any allowable deductions. Petitioner, however, was given one final opportunity posttrial to substantiate her deductions. The Court issued an order finding petitioner in default pursuant to Rule 123(a) because of her failure to comply with previous Court orders and ordering her to show cause in writing why the cases should not be dismissed by reason of her failure to properly prosecute. The order to show cause required petitioner to provide (1) proof that she delivered to respondent any documents substantiating deductions, exemptions, or credits to which she claimed entitlement, and (2) a report and accompanying documentation relating to any other disputed issues. Petitioner failed to comply with the Court order.

Although petitioner had failed to comply with the Court's order and the date for submitting documents to both respondent and this Court had passed, respondent indicated a willingness to give petitioner additional time to provide substantiation of any items she would like to have considered. Again petitioner failed to comply. Instead, petitioner responded with "a letter containing a spurious attack on respondent's counsel." McCammon v. Commissioner, supra.

Petitioner was warned of the consequences of her failure to produce evidence in support of her case. In addition, she did

not comply with the orders of the Court and made no efforts to contest respondent's determinations on the merits.  Thus, the Court deemed the order to show cause absolute and dismissed petitioner's cases.  The Court also warned petitioner not to engage in similar dilatory conduct in any other case, stating: "[I]nasmuch as petitioner has filed another petition in this Court for 2003 (docket No. 10677-06), she is hereby warned that the type of recalcitrance, obstruction, and procrastination evident in these cases may result in an additional sanction of up to $25,000."  McCammon v. Commissioner, supra.

Petitioner's 2003 Tax Year

In the case presently before us, it is clear that petitioner has not learned from her prior experiences before the Court. Petitioner continues to put forth the same arguments she made without success in McCammon I.

Although we denied petitioner's request for a continuance, we kept the record open to allow petitioner to make available to respondent any documentation she intended to offer into the record.  Respondent, in a status report, notified the Court that respondent had not had any contact from petitioner.  She had not presented any evidence or documentation to respondent relating to the amounts at issue but instead argued that Federal law, as it related to medical records, prevented her from submitting any evidence.

OPINION

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a) places the burden of proof on the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertain her liability, has complied with substantiation requirements, has maintained all records required, and has cooperated with reasonable requests for witnesses, information, documents, meetings, and interviews. Petitioner has done none of these things, and the burden of proof remains on her. The burden of proof is on the Commissioner, however, in regard to any increases in deficiency. Rule 142(a); Hurst v. Commissioner, 124 T.C. 16, 30 (2005). Consequently, the burden of proof is on petitioner in regard to the interest, dividends, and wages and is on respondent with regard to the S corporation flow-through income and increase in the penalty under section 6662(a).

Wages, Interest, and Dividends

Taxable income includes gross income. Sec. 63(a). Gross income includes compensation for services, interest, and dividends. Sec. 61(a)(1), (4), (7).

The deficiencies assessed against petitioner were based upon information provided by third parties, including a Form 1099-DIV, Dividends and Distributions, and a Form W-2, Wage and Tax Statement.

If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning that deficiency in addition to the information return.  Sec. 6201(d); Richardson v. Commissioner, T.C. Memo. 2005-143.  Petitioner did not produce any evidence, either at trial or posttrial, showing that she did not receive the wages, interest, or dividends at issue.  Therefore, the amounts that respondent determined petitioner received but failed to report constitute taxable income.

S Corporation Flow-Through Income

Section 1366(a)(1) provides that in determining his income tax liability an S corporation shareholder shall take into account his pro rata share of the S corporation's items of income, loss, deduction, and credit for the S corporation's taxable year ending with or in the shareholder's taxable year. "The S corporation's income is taxable to the shareholder regardless of whether any income is distributed."  Dunne v.

Commissioner, T.C. Memo. 2008-63; Chen v. Commissioner, T.C. Memo. 2006-160; Knott v. Commissioner, T.C. Memo. 1991-352.

Respondent submitted certified copies of petitioner's Form 1040 and petitioner's S corporation's Form 1120S, both signed by petitioner. At trial petitioner admitted that Julie K. McCammon, M.D., Inc., was her corporation. The Schedule K-1 filed with the Form 1120S reported net income of $190,567, allocated in its entirety to petitioner as the sole shareholder. Petitioner did not produce any evidence either at trial or posttrial to refute that the income of the corporation was includable on her Form 1040. Respondent has met the burden of proof as it relates to petitioner's flow-through income from her S corporation and it shall be included in petitioner's taxable income.

Section 6662 Penalty

Section 6662(a) and (b)(2) provides that taxpayers will be liable for a penalty equal to 20 percent of the portion of the underpayment of tax attributable to a substantial understatement of income tax. Section 6662(d)(1)(A) provides that a substantial understatement of income tax exists if the amount of the understatement exceeds the greater of (1) 10 percent of the tax required to be shown on the return or (2) $5,000. Section 6664(c)(1) provides that the accuracy-related penalty is not imposed with respect to any portion of the understatement for which the taxpayer acted with reasonable cause and in good faith.

Respondent asserted that petitioner is liable for an accuracy-related penalty of $22,821.40 under section 6662. This addition is a computational penalty directly related to the amount of petitioner's deficiency. Petitioner was required to report a tax liability of $114,107 and underreported her tax liability by $114,107. Therefore, respondent has satisfied his burden of production under section 7491(c) because petitioner understated her income tax by both $5,000 and more than 10 percent.

Respondent has carried his burden of production with regard to the accuracy-related penalty determined in the notice of deficiency. See <u>Bhattacharyya v. Commissioner</u>, T.C. Memo. 2007-19. In addition, respondent has carried his burden of proof with respect to the increased deficiency, and therefore the increased section 6662 penalty computed directly thereon, asserted in the amendment to answer.

Petitioner has failed to produce sufficient evidence to substantiate her deductions or other claims and has failed to prove that she is entitled to a reduction of the understatement under section 6664(c)(1) or section 6662(d)(2)(B)(i) or (ii).[2]

---

[2] Under sec. 6662(d)(2)(B)(i) and (ii) the amount of a tax understatement may be reduced by the portion thereof that is attributable to (i) the tax treatment of an item for which there was substantial authority; or (ii) any item if the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return and there is
(continued...)

Therefore we sustain respondent's determinations under section 6662.

Additional Arguments

Petitioner, at various times since petitioning the Court, has made two additional arguments:  (1) That the Code is too complex; and (2) that the Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104-191, sec. 501, 110 Stat. 2090, precluded her from presenting any evidence or records relating to her medical practice.

Petitioner's argument that the Code is too complex and therefore cannot be relied upon to support the imposition of Federal income tax fails.  We have previously considered similar arguments and found them to be without merit.  See Halcott v. Commissioner, T.C. Memo. 2004-214.

Petitioner argued that she could not provide any records relating to the amounts at issue because to do so would violate HIPAA.  A taxpayer is required to maintain records sufficient to enable the Commissioner to determine his or her correct tax liability.  Sec. 6001; Abdelhak v. Commissioner, T.C. Memo. 2006-158.  Nothing in HIPAA alters this requirement.  Petitioner was required but failed to maintain records sufficient to determine her tax liability.  See Abdelhak v. Commissioner, supra.

---

²(...continued)
a reasonable basis for the tax treatment of the item.

Section 6673 Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty of up to $25,000, payable to the United States, when: (1) A taxpayer institutes or maintains a proceeding primarily for delay; (2) the taxpayer's position in the proceeding is frivolous or groundless; or (3) the taxpayer unreasonably failed to pursue available administrative remedies. Edwards v. Commissioner, T.C. Memo. 2003-149, affd. 119 Fed. Appx. 293 (D.C. Cir. 2005).

We find that the present situation warrants the imposition of such a penalty. Petitioner was warned in McCammon I not to institute meritless proceedings but failed to heed that warning.

Petitioner remained undeterred from (1) delaying these proceedings, (2) putting forth frivolous or groundless arguments, and (3) refusing to provide any evidence in support of her positions and statements. Petitioner was uncooperative and unreasonable at every stage of these proceedings. See Edwards v. Commissioner, supra. Accordingly, under the circumstances presented, we shall impose a penalty of $25,000 on petitioner under section 6673(a)(1).

To reflect the foregoing,

An appropriate order and decision will be entered.