T.C. Memo. 2005-143

UNITED STATES TAX COURT

CHRISTOPHER RICHARDSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11880-04.                    Filed June 20, 2005.

Christopher Richardson, pro se.

Ric D. Hulshoff, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent determined deficiencies in
petitioner's Federal income tax as follows:

|  | | Additions to Tax | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec 6651(a)(2) | Sec. 6654(a) |
| --- | --- | --- | --- | --- |
| 1998 | $5,518 | $1,241.55 | $1,379.50 | $250.45 |
| 1999 | 5,088 | 1,144.80 | 1,170.24 | 244.35 |
| 2000 | 3,547 | 798.08 | 602.99 | 190.77 |
| 2001 | 4,410 | 992.25 | 485.10 | 174.52 |

Respondent concedes that petitioner is not liable for the addition to tax under section 6651(a)(2) for failure to pay for the years in issue.[1]

After respondent's concession, the issues for decision are:

1.  Whether petitioner had unreported income as determined by respondent for 1998-2001.  We hold that he did.

2.  Whether petitioner is liable for self-employment tax on his earnings from Eniva Corp. of $221 for 2000 and $112 for 2001. We hold that he is.

3.  Whether petitioner's filing status for 1998-2001 is single.  We hold that it is.

4.  Whether petitioner may claim more than one personal exemption for 1998-2001.  We hold that he may not.

5.  Whether petitioner is liable for the additions to tax under section 6651(a)(1) for failure to file and section 6654 for failure to pay estimated tax for 1998-2001.  We hold that he is.

Section references are to the Internal Revenue Code in effect for the taxable years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

---

[1]  Respondent does not contend that petitioner is liable for the addition to tax for failure to file under sec. 6651(a)(1) in an amount larger than respondent determined for any of the years in issue.

FINDINGS OF FACT

Petitioner lived in Black Canyon City, Arizona, when he filed the petition in this case.

Petitioner was a beneficiary in 1998-2001 of the Frank J. Nagy Trust, administered by KeyBank National Association (KeyBank) as trustee. Petitioner earned interest in the amounts of $18,171 for 1998, $19,065 for 1999, $12,879 for 2000, and $17,155 for 2001, and dividends in the amounts of $9,440 for 1998, $7,140 for 1999, $3,807 for 2000, and $5,866 for 2001 from the trust. He received Social Security benefits of $10,821 for 1998, $10,962 for 1999, $11,226 for 2000, and $11,640 for 2001. He received nonemployee compensation from Eniva Corp. in the amounts of $1,565 for 2000 and $794 for 2001. No Federal income tax was withheld for petitioner in the years in issue by any of these payors.

Petitioner did not file Federal income tax returns for 1998-2001 or make estimated tax payments for those years.

Respondent issued notices of deficiency to petitioner for the years in issue. Respondent determined that petitioner received taxable income based on documents provided by third-party payors. Respondent determined that petitioner's filing status was single and allowed petitioner one exemption.

Before trial, petitioner asserted that he had a Fifth Amendment right not to testify because to do so would have

required him to waive his Fifth Amendment privilege against self-incrimination. Petitioner did not identify or exchange any documents, identify witnesses, or file a pretrial memorandum as required by the Standing Pretrial Order. Respondent complied with these requirements.

## OPINION

### A.  Burdens of Production and Proof

#### 1.  Burden of Production

##### a.  Section 6201(d)

If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning that deficiency in addition to such information return. Sec. 6201(d).

Petitioner did not introduce any evidence to refute respondent's evidence or show that respondent's determination of petitioner's income is in error. We conclude that respondent does not have the burden of production under section 6201(d) because petitioner did not assert a reasonable dispute with respect to any item of income reported on an information return and petitioner has not fully cooperated with respondent. Even if respondent had the burden of proceeding under section 6201(d), respondent met that burden by producing information returns with

certified transcripts from respondent's files and from Social Security Administration files and declarations and supporting records from Ann Patterson (Patterson), vice president of KeyBank and Curtis E. Cichanowski (Cichanowski), director of finance for Eniva Corp. The declarations were made under penalties of perjury pursuant to and in the form required by 28 U.S.C. section 1746 (2000).

The declarations are admissible under rules 803(6) and 902(11) of the Federal Rules of Evidence. Rule 803(6) of the Federal Rules of Evidence provides an exception to the hearsay rule for records that are kept in the course of a regularly conducted activity and made at or near the time of the event by a person with knowledge. Rule 902(11) of the Federal Rules of Evidence states the requirements for self-authentication of a business record. To qualify under Rule 902(11), a domestic record of a regularly conducted business activity must be accompanied by a declaration certifying that the record (1) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (2) was kept in the course of the regularly conducted activity; and (3) was made by the regularly conducted activity as a regular practice. All of the underlying documents were kept in the regular course of business, and the

declarations of the validity of these documents were made by people familiar with them.

We conclude that section 6201(d) does not apply in this case.

b.    Determination in Unreported Income Cases

The U.S. Court of Appeals for the Ninth Circuit (to which an appeal of this case would lie) has held that in order for the presumption of correctness to attach to the notice of deficiency in unreported income cases, the Commissioner must establish "some evidentiary foundation linking the taxpayer" to the income-producing activity, Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), revg. 67 T.C. 672 (1977), or some substantive evidence "demonstrating that the taxpayer received unreported income", Edwards v. Commissioner, 680 F.2d 1268, 1270 (9th Cir. 1982); see also Rapp v. Commissioner, 774 F.2d 932, 935 (9th Cir. 1985).  Once there is evidence of actual receipt of funds by the taxpayer, the taxpayer has the burden of proving that all or part of those funds is not taxable.  Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986).

There is ample evidence linking petitioner to income-producing activities.  He received interest and dividends from the trust through KeyBank, Social Security benefits from the Social Security Administration, and nonemployee compensation from Eniva Corp. during the years in issue.  At trial, respondent

submitted Forms 1099-MISC, Miscellaneous Income, transcripts from the Social Security Administration, employer records, and declarations under penalties of perjury of Patterson for KeyBank and Cichanowski for Eniva Corp. as to the validity of these underlying documents. The Forms 1099-MISC, certified transcripts, declarations, and supporting documents show that petitioner received income during the years in issue. Petitioner bears the burden of proving respondent's determinations are in error. See Edwards v. Commissioner, supra; Weimerskirch v. Commissioner, supra.

   2.   Burden of Proof

Petitioner contends that respondent generally bears the burden of proof. We disagree. The burden of proof for a factual issue relating to liability for tax shifts to the Commissioner under certain circumstances. Sec. 7491(a). Under section 7491(a), the burden of proof with respect to a factual issue relevant to a taxpayer's liability for tax shifts from the taxpayer to the Commissioner if, inter alia, the taxpayer has: (a) Complied with substantiation requirements under the Internal Revenue Code, sec. 7491(a)(2)(A); (b) maintained all records required by the Internal Revenue Code, sec. 7491(a)(2)(B); and (c) cooperated with reasonable requests by the Secretary for information, documents, and meetings, id. A taxpayer bears the burden of proving that he or she has met the requirements of

section 7491(a). See H. Conf. Rept. 105-599, at 239 (1998), 1998-3 C.B. 747, 993; S. Rept. 105-174, at 45 (1998), 1998-3 C.B. 537, 581. Petitioner does not contend that he meets the requirements of section 7491(a), and the record shows that he did not meet those requirements because he did not cooperate with respondent. Thus, petitioner bears the burden of proof. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

3. Whether Petitioner's Fifth Amendment Claims Affect the Burden of Proof

Before trial, petitioner asserted Fifth Amendment rights against self-incrimination. However, even if petitioner's claim were bona fide (which we need not decide), it would have no effect on petitioner's burden of proof. See United States v. Rylander, 460 U.S. 752, 758 (1983); Petzoldt v. Commissioner, 92 T.C. 661, 684-685 (1989); Traficant v. Commissioner, 89 T.C. 501, 504 (1987), affd. 884 F.2d 258 (6th Cir. 1989).

B. Petitioner's Income in 1998-2001

Petitioner has not shown that respondent's determination of his income for 1998-2001 is incorrect. We conclude that petitioner received taxable income in 1998-2001 as determined by respondent.

C. Whether Petitioner Is Liable for Self-Employment Tax

Respondent determined that petitioner is liable for self-employment tax on his earnings from Eniva Corp. for 2000 and 2001.

Section 1401 imposes a tax on an individual's self-employment income. The self-employment tax is imposed on net earnings of $400 or more derived by an individual from a trade or business carried on by him. Sec. 1402(a) and (b).

Petitioner did not prove that respondent's determination of his liability for self-employment tax was incorrect. We conclude that the income attributable to petitioner from Eniva Corp. in 2000 and 2001 is earnings from self-employment under section 1402, subject to the tax imposed by section 1401.

D.    Filing Status and Exemptions

Petitioner did not file returns for the years in issue. Respondent determined that petitioner's filing status was single and allowed petitioner one exemption. Petitioner offered no evidence on these points. We deem petitioner to have conceded these issues. See Funk v. Commissioner, 123 T.C. 213, 217-218 (2004); Swain v. Commissioner, 118 T.C. 358, 363-365 (2002).

E.    Whether Petitioner Is Liable for Additions to Tax

Section 7491(c) places on the Commissioner the burden of producing evidence that it is appropriate to impose additions to tax. To meet the burden of production under section 7491(c), the Commissioner must produce evidence showing that it is appropriate to impose the particular addition to tax, but need not produce evidence relating to defenses such as reasonable cause or

substantial authority.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001); H. Conf. Rept. 105-599, <u>supra</u> at 241, 1998-3 C.B. at 995.

Petitioner did not file returns for 1998-2001, and he did not make estimated tax payments with respect to his tax liability for those years.  There is no evidence that petitioner paid any tax for the years in issue.  Thus, respondent has met the burden of production, and petitioner is liable for additions to tax for failure to file under section 6651(a)(1) of $1,241.55 for 1998, $1,144.80 for 1999, $798.08 for 2000, and $992.25 for 2001, and additions to tax under section 6654 for failure to pay estimated tax of $250.45 for 1998, $244.35 for 1999, $190.77 for 2000, and $174.52 for 2001.

To reflect the foregoing,

<u>Decision will be</u>

<u>entered for respondent</u>.