T.C. Memo. 2007-172

UNITED STATES TAX COURT

RICHARD L. CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11384-06.                    Filed July 2, 2007.

Richard L. Clark, pro se.

<u>Brenda M. Fitzgerald</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies and
additions to tax as follows:

|  |  | Additions to Tax, I.R.C. | | |
|  |  | Sec. | Sec. | Sec. |
| <u>Year</u> | <u>Deficiency</u> | <u>6651(a)(1)</u> | <u>6651(a)(2)</u> | <u>6654(a)</u> |
| 2001 | $8,584 | $1,931.40 | $1,673.88 | $339.67 |
| 2002 | 5,613 | 1,262.92 | 757.75 | 187.54 |

In the answer, respondent conceded that the addition to tax under section 6651(a)(2) is not applicable to petitioner's 2001 and 2002 tax years.  As a result, respondent alleged that "Petitioner is liable for the additions to tax attributable to I.R.C. section 6651(a)(1) for the years 2001 and 2002 in the amounts of $1,403.25 and $2,146.00, respectively" (thus misstating the amounts for each year).  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are whether respondent's determinations should be sustained on the existing record and whether petitioner is entitled to any deductions or exemptions not allowed in the statutory notices.

### FINDINGS OF FACT

Petitioner resided in Georgia at the time that he filed his petition.  During 2000 and 2001, he performed services as a truck driver for Jimmy Harris Trucking, Inc.  In 2002, he also performed services for Vandy Trucking, Inc., and Peters Hauling, Inc.  He received compensation for his services.  Petitioner maintained a savings account at Farmers and Merchants Bank during 2002 and received interest on that account.  During 2002, petitioner received income from Prime America Shareholder Services.  During 2002, petitioner and his wife were divorced.

Petitioner failed to file Federal income tax returns for 2001 and 2002. Petitioner did not submit to respondent's agents or counsel, to the Court during trial, or during an opportunity provided after trial, the amounts of or evidence of deductions and exemptions to which he claimed entitlement. Records may have been lost during a fire at petitioner's father's residence in 2005, but petitioner made no attempt to reconstruct records or obtain corroboration of his claims.

OPINION

The above findings of fact are very sketchy because the parties in this case failed to stipulate or otherwise to provide a satisfactory record. Petitioner was poorly advised, apparently by a person not admitted to practice before the Tax Court. Petitioner did not cooperate with respondent in preparing the case for trial, which led to excessive reactions by respondent, including excessive interrogatories and motions. Respondent's interrogatories contained eight pages of "definitions" and "instructions" and were, in effect, directions to require petitioner to lay out his case in writing rather than simple questions such as those anticipated by Rule 71. See Pleier v. Commissioner, 92 T.C. 499 (1989). Such interrogatories are particularly inappropriate against a pro se petitioner and were unnecessary in this case because petitioner's compliance with other Rules and the standing pretrial order would have supplied

the information that respondent needed.  Moreover, the
interrogatories apparently motivated petitioner to give evasive
answers to respondent's poorly phrased requests for admissions
and to refuse to admit to the items of income identified in the
statutory notice and in the requests for admissions.  Thus,
respondent's motions to compel answers to interrogatories and to
review the sufficiency of the responses to the requests for
admissions were denied.

In an order served on the parties approximately 5 weeks
before trial, they were warned:

> Nonetheless, the parties are required to stipulate
> pursuant to Rule 91 and to do so with respect to the
> items of income and deductions involved in this case.
> Petitioner is advised that respondent's determination
> of income, once supported by third-party information,
> will be sustained unless he raises a reasonable dispute
> with respect to those items of income.  He has not done
> so on the record in this case to date.  Petitioner
> bears the burden of proof with respect to his
> exemptions and deductions, and he should produce
> documents relating to those claims in accordance with
> the Court's Order dated March 1, 2007.  With respect to
> petitioner's claims that he need not answer questions
> about failing to file returns, relying on his privilege
> against self-incrimination, petitioner is advised that
> the privilege is a shield, not a sword, and his refusal
> to answer questions and provide information will be
> detrimental to him in this case.  Respondent, through
> official transcripts and through means of securing
> third-party evidence, presumably will establish the
> facts necessary to respondent's case, and petitioner
> must establish the facts necessary to his positions.
> * * *

Petitioner failed to comply with the Court's order to produce
documents.  That failure became moot, however, because petitioner

failed to present any evidence of his deductions at the time of trial or during the month after trial that he was permitted to provide further information, after having received suggestions as to how his required records could be reconstructed.  Although he relies on Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), he provided no basis for making an estimate of deductions to which he might be entitled, which precludes our estimating such deductions.  See, e.g., Mendes v. Commissioner, 121 T.C. 308, 316 (2003); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  We have no reason to believe that petitioner's allowable deductions exceeded the standard deductions allowed in the statutory notices of deficiency.

Petitioner testified that he was divorced in 2002.  There is no information in the record as to whether his former spouse filed tax returns for the years in issue.  There is no evidence concerning any eligible dependents that he or his former spouse might have had.  There is nothing in the record to contradict the "single" filing status used in the statutory notice for 2002.  If petitioner was married in 2001, which is unclear from the record, he was not disadvantaged by the use of "single" status rather than "married filing separately".

On the other hand, respondent neglected to secure third-party records that corroborate the income set forth in the statutory notices.  So far as the record reflects, despite

petitioner's repeated claims of uncertainty as to the amounts received from the payors listed in the statutory notices, respondent neither secured nor offered copies of the third-party records to petitioner during the stipulation process.  Although certain witnesses were identified in respondent's pretrial memorandum, none were called.  Respondent did not even bother to secure business records under rules 902(11) and 803(6), Federal Rules of Evidence.  See, e.g., <u>Richardson v. Commissioner</u>, T.C. Memo. 2005-143.

Because petitioner failed to cooperate, to maintain required records, or to present credible evidence, he is not entitled to have the burden of proof shifted under section 7491(a).  Section 6201(d), however, also imposes on respondent the burden of producing reasonable and probative information concerning a deficiency based on third-party information returns where:

> the taxpayer asserts a reasonable dispute with respect to any item of income reported on an information return * * * and the taxpayer has fully cooperated with the Secretary (including providing, within a reasonable period of time, access to and inspection of all witnesses, information, and documents within the control of the taxpayer as reasonably requested by the Secretary).

See <u>Del Monico v. Commissioner</u>, T.C. Memo. 2004-92.  In this case, petitioner failed to provide information in response to unreasonable requests and belatedly claimed that documents were not within his control because they were destroyed in a fire.

During his testimony, petitioner admitted that he received income from three trucking companies, from Farmers and Merchants Bank, and from Prime America Shareholder Services. He was not asked about other income listed in the statutory notices as paid to petitioner and to Felicia Clark in each year from Rural Housing Service for mortgage interest or paid to Richard L. Clark/Lizzie M. Clark during 2001 by the Social Security Administration. We conclude that petitioner's testimony is sufficiently probative to sustain the portions of the deficiencies based on the income from the sources that he admitted, but not sufficient with respect to items for which there is no explanation in the record.

Respondent also has the burden of production under section 7491(c) with respect to the additions to tax. Respondent introduced a certified transcript establishing petitioner's failure to file returns for 2001 or 2002. Thus, respondent's burden has been met with respect to the additions to tax under section 6651(a)(1), subject to correct mathematical determination, but respondent failed to meet that burden with respect to section 6654. See Wheeler v. Commissioner, 127 T.C. 200, 207-212 (2006).

To reflect the foregoing,

Decision will be entered

under Rule 155.