**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-36

UNITED STATES TAX COURT

JOYCE COULTMAN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16433-11S.                    Filed May 9, 2013.

Joyce Coultman, pro se.

<u>Monica E. Koch</u> and <u>Deborah Aloof</u>, for respondent.

SUMMARY OPINION

VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of

section 7463 of the Internal Revenue Code (Code) in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,732 in petitioner's Federal income tax for 2008.  The issues for decision are:  (1) whether petitioner is entitled to a dependency exemption deduction for her grandson, E.P.;[2] (2) whether petitioner is entitled to file as head of household; (3) whether petitioner is entitled to the child care credit; and (4) whether petitioner is entitled to the child tax credit.

<u>Background</u>

Some of the facts have been stipulated and are so found.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in New York at the time she filed the petition.

Petitioner is a member of a housing cooperative through which she owns an apartment in Brooklyn, New York.  In 2008 she lived in that apartment with her daughter Nicole, Nicole's son (petitioner's grandson) E.P., and Nicole's daughter.  Petitioner, age 75 at the time of trial, was employed as a nurse practitioner.  She

---

[1]  Unless otherwise indicated, all section references are to the Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  This Court refers to minors by their initials.  <u>See</u> Rule 27(a)(3).

paid the maintenance fees for the apartment in addition to the utility bills. She and Nicole each purchased their own groceries, and Nicole provided groceries for E.P. and her daughter.

In 2008 E.P. was 12 years old and attended a private kindergarten on account of a mental disability. Petitioner reported $2,400 of child and dependent care expenses on her Form 1040A, U.S. Individual Income Tax Return, for 2008.

Petitioner timely filed her Form 1040A and claimed a dependency exemption deduction for E.P., head of household filing status, a child care credit, and a child tax credit.

## Discussion

### I. Burden of Proof

As a general rule, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, section 7491(a)(1) and (2) shifts the burden of proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if (1) the taxpayer introduces credible evidence with respect to such issue, and (2) the taxpayer satisfies certain other conditions, including cooperation with the Government's requests for witnesses, information, and documents. See Rule

142(a)(2). The burden is on the taxpayer to show that he satisfied these prerequisites. See Richardson v. Commissioner, T.C. Memo. 2005-143; H.R. Conf. Rept. No. 105-599, at 240, 242 (1998), 1998-3 C.B. 747, 993.

With respect to the dependency exemption deduction, the factual issue is whether Nicole claimed E.P. as a dependent. Petitioner credibly testified that to her knowledge Nicole did not claim E.P. Petitioner expressed disbelief that Nicole had claimed E.P. and questioned whether it was even possible for Nicole to claim E.P. since Nicole did not work during 2008. Furthermore, petitioner has cooperated with the Internal Revenue Service. We find that petitioner has produced credible evidence that Nicole did not claim E.P., and thus the burden of proof shifts to respondent with respect to the dependency exemption deduction.

As discussed below, petitioner failed to produce credible evidence with respect to the child care credit. Thus, the burden of proof does not shift to respondent for that issue.

## II. Dependency Exemption Deduction

A taxpayer may claim a dependency exemption deduction for each individual who is a dependent (as defined in section 152) of the taxpayer for the year. Sec. 151(a), (c). Section 152(a) defines the term "dependent" to mean either a "qualifying child" or a "qualifying relative."

As relevant here, a qualifying child of a taxpayer is an individual that: (1) bears a relationship to the taxpayer as described in section 152(c)(2); (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meets the age requirements in section 152(c)(3) specifying an individual under the age of 19 or under the age of 24 if the individual is a student at the close of the year; and (4) has not provided over one-half of his or her own support for the year.[3] Sec. 152(c)(1).

E.P. satisfies the requirements to be petitioner's qualifying child: (1) he is petitioner's grandson; (2) he had the same principal place of abode as petitioner for more than one-half of 2008; (3) he was a minor during 2008; and (4) he did not provide more than one-half of his own support in 2008. See sec. 152(c)(1)(A)-(D).

However, respondent argues that petitioner is not allowed the dependency exemption deduction because of section 152(c)(4)(A)(i), known as the tie-breaker rule. Specifically, section 152(c)(4)(A)(i) provides: "If * * * an individual may be and is claimed as a qualifying child by 2 or more taxpayers for a taxable year

_____

[3] Sec. 152(c)(1)(E) was added in 2008 to impose an additional requirement: the individual did not file a joint return for the taxable year at issue. However, this amendment is effective only for taxable years beginning after December 31, 2008. See Fostering Connections to Success and Increasing Adoptions Act of 2008, Pub. L. No. 110-351, sec. 501(d), 122 Stat. at 3980.

beginning in the same calendar year, such individual shall be treated as the qualifying child of the taxpayer who is * * * a parent of the individual".[4] Respondent argues that both petitioner and Nicole claimed E.P. and that under the tie-breaker rule E.P. is treated as the qualifying child of Nicole, not petitioner.

However, respondent has failed to introduce any evidence that Nicole, or anyone else, claimed E.P. As discussed above, petitioner presented credible evidence that Nicole did not claim E.P. and the burden shifted to respondent to establish that she did. Respondent failed to show that two taxpayers claimed E.P. for 2008. Thus, the tie-breaker rule does not apply. Accordingly, because E.P. was petitioner's qualifying child in 2008, petitioner properly claimed him for 2008.[5]

---

[4] The Court notes that this language has changed to: "if an individual may be claimed as a qualifying child by 2 or more taxpayers for a taxable year beginning in the same calendar year, such individual shall be treated as the qualifying child of the taxpayer who is * * * a parent of the individual". Sec. 152(c)(4)(A)(i) (2012). This change was effective for taxable years beginning after December 31, 2008. See Fostering Connections to Success and Increasing Adoptions Act of 2008, sec. 501(d).

[5] Because the Court finds that E.P. is petitioner's qualifying child for 2008, we do not address whether E.P. is petitioner's qualifying relative. See sec. 152(d)(1)(D).

III.    Head of Household Filing Status

As relevant here, section 2(b)(1) defines "head of household" as an unmarried individual who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of either a qualifying child or any other dependent of the taxpayer, if the taxpayer is entitled to a deduction for the dependent under section 151.  See sec. 2(b)(1).

Petitioner maintained her home as E.P.'s principal abode for more than half of the taxable year because she paid the maintenance fees and utilities every month.  The Court has already found that E.P. was petitioner's qualifying child in 2008.  Therefore, she is entitled to file as head of household for 2008.  See id.

IV.    Child Care Credit

Also known as the child care credit, section 21(a) and (b)(2) generally provides for a child care credit with respect to employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses to care for a "qualifying individual."  With exceptions not relevant here, a qualifying individual is generally defined as an individual who is either a qualifying child of the taxpayer (within the meaning of section 152(a)(1)) who has not turned 13 or a dependent of the taxpayer who is physically or mentally incapable of caring for himself or herself and shares the same place of abode with

the taxpayer for more than one-half of the taxable year. Sec. 21(b)(1). In addition, taxpayers claiming the child care credit are required to substantiate the claim by keeping adequate records or through other sufficient evidence. See sec. 1.21-1(k), Income Tax Regs.

This Court has already found that E.P. was petitioner's qualifying child. At trial petitioner credibly testified that E.P. had a mental disability and that he lived with her for more than half of 2008. Therefore, E.P. was a qualifying individual for petitioner for purposes of section 21.

Although petitioner credibly testified that she paid E.P.'s tuition, she does not remember how much she paid. She also did not introduce any records that established the amount she paid in 2008. Since petitioner did not substantiate her claim through records or testimony, she is not entitled to the child care credit.

V.     Child Tax Credit

The child tax credit is described in section 24, which provides that a taxpayer may claim a credit against Federal income tax of up to $1,000 for each qualifying child of the taxpayer. Sec. 24(a). For purposes of section 24(a) the term "qualifying child" means a qualifying child of the taxpayer, as defined in section 152(c). A qualifying child for purposes of section 24 is a "qualifying child" as defined in section 152(c) who has not attained the age of 17. Sec.

24(c)(1).  Section 24(c) also requires that the individual be a U.S. resident.  Sec. 24(c)(2).

The Court has found that E.P. was petitioner's qualifying child for 2008, E.P. was under the age of 17 in 2008, and the fact that E.P. was a U.S. resident is not in dispute.  Therefore, petitioner is entitled to a child tax credit for 2008.  See sec. 24.

Accordingly, petitioner is not entitled to the child care credit but is entitled to the dependency exemption deduction, head of household filing status, and the child tax credit for 2008.

To reflect the foregoing,

Decision will be entered under Rule 155.