# United States Tax Court

T.C. Memo. 2023-56

SUSAN D. RODGERS,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 18079-17.                              Filed May 9, 2023.

————————

Susan D. Rodgers, pro se.

*Zachary T. King*, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

GALE, *Judge*: Respondent determined a deficiency in petitioner's federal income tax for the taxable year 2015 of $3,473. The issue for decision is whether $7,824 of income that petitioner concedes receiving, but which she did not report on her 2015 federal income tax return, should be characterized as interest that is includible in her gross income pursuant to section 61(a)(4)[1] or instead as child support that is not includible in her gross income pursuant to section 71(c).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The Stipulations of Facts and the Stipulated Exhibits are incorporated

———————————————

[1] Unless otherwise indicated, all statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, all regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] herein by this reference. Petitioner resided in Alabama when she timely filed her Petition for redetermination.

Respondent issued a notice of deficiency to petitioner in which he determined a deficiency in her federal income tax due of $3,473 for the 2015 taxable year. The deficiency resulted from respondent's determination that petitioner had failed to report on her 2015 federal income tax return that she had received $7,824 of interest income from the State of Alabama, which had reported the payment of that amount to respondent on Form 1099–INT, Interest Income.

Petitioner conceded at trial that she received the amount shown on the Form 1099–INT. She explained that, with respect to other taxable years, she had received child support payments through the State of Alabama from funds collected from her former spouse, but she had not previously received a Form 1099 indicating that any portion of those funds represented taxable income.

During 2011 and 2012, petitioner and her former spouse were engaged in litigation in the Circuit Court of Mobile County, Alabama (state court), concerning the termination of her former spouse's child support obligation. In the course of that litigation, the state court entered an order on September 27, 2011, which stated in pertinent part:

> [I]t is hereby ORDERED, ADJUDGED, and DECREED by the Court as follows:
>
> 1. THAT the Plaintiff's[2] current child support obligation is hereby terminated.
>
> 2. THAT the Plaintiff is in arrears in the sum of $18,000.00.
>
> 3. THAT a judgment is hereby awarded against the Plaintiff in favor of the Defendant in the amount of $18,000.00 representing child support arrearages.

On April 13, 2012, the state court entered an order amending its order of September 27, 2011, which stated in pertinent part:

---

[2] In the order, "Plaintiff" refers to petitioner's former spouse, and "Defendant" refers to petitioner.

**[*3]**   [P]aragraphs #2 and #3 of the Order of Court dated September 27, 2011 are hereby amended to read as follows:

> "2. THAT the Plaintiff is in arrears in the sum of $5,361.89 excluding interest as of October 30, 2011."

> "3. THAT the Defendant is awarded a judgment against the Plaintiff in the amount of $16,044.37 ($5,361.89 - principal and $10,682.48 - interest) representing the total child support arrears as of October 30, 2011; said amount includes all prior judgments."

> It is further ORDERED by the Court that all other provisions of the said Order of Court that are not specifically amended herein shall remain in full force and effect.

A copy of the State of Alabama Child Support Enforcement Division Court Order Payment Summary (Payment Summary) for petitioner's account reflects a series of payments commencing on April 23, 2012 (i.e., shortly after the state court amended its order), and ending on May 14, 2014, that are identified with the code "CS NA AR." Those payments total $5,361.89, matching the amount of the arrearage principal determined in the state court's order, as amended. All other payments posted on and after May 14, 2014, are identified with the code "CP INT," with "INT" presumably meaning "interest." The payments marked "CP INT" and posted during 2015 total $7,859.27—slightly more than the amount of unreported interest that respondent determined in the notice of deficiency, and less than the total amount of interest included in the judgment that the state court awarded to petitioner.

## OPINION

The Commissioner's determinations in a notice of deficiency are generally entitled to a presumption of correctness, and the taxpayer bears the burden of proving otherwise. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933).

**[\*4]**   As noted, petitioner conceded at trial that she received the unreported $7,824 underlying respondent's deficiency determination.[3] She disputes only whether respondent correctly determined that the amount at issue should be characterized as taxable interest rather than nontaxable child support. The preponderance of the evidence favors respondent's position, and we will accordingly sustain his deficiency determination.[4]

A taxpayer's gross income generally encompasses all income from whatever source derived, specifically including interest. § 61(a)(4). For divorced or separated taxpayers, alimony or separate maintenance payments were generally also includible in the recipient's gross income during the year at issue (and were deductible from the payer's gross income). §§ 71(a), 215(a).[5] This general rule is inapplicable, however, for payments in an amount fixed by the terms of a divorce or separation instrument that were made or treated as made to support the payer's children. § 71(c). Consequently, such child support payments were not includible in the gross income of the recipient (and were not deductible by the payer). *See* Temp. Treas. Reg. § 1.71-1T(c), Q&A-15. Interest paid on a child support arrearage is, however, includible in the recipient's gross income under section 61(a)(4). *Fankhanel v. Commissioner*, T.C. Memo. 1998-403, 76 T.C.M. (CCH) 809, 815 (finding, contrary to the taxpayer's position that "she never received any interest at all on child support debt," that she had received interest on child support arrearages), *aff'd per curiam without published opinion*,

---

[3] In view of petitioner's concession, we need not decide whether petitioner has satisfied the preconditions under section 6201(d) to impose a burden on respondent to produce, in addition to the information return reporting the $7,824 payment, reasonable and probative information concerning the deficiency. Moreover, even if respondent did have such a burden, it would be satisfied by the Payment Summary, which corroborates the amount that was reported on the Form 1099–INT that respondent received. *See Shankar v. Commissioner*, 143 T.C. 140, 146–47 (2014); *Richardson v. Commissioner*, T.C. Memo. 2005-143, 89 T.C.M. (CCH) 1446, 1447.

[4] Because we conclude that the weight of the evidence favors respondent, we need not decide whether the burden of proof should shift to respondent under section 7491(a). Shifting the burden of proof could affect the outcome only in the event of an evidentiary tie or a failure of proof, neither of which is present here. *See Geiger v. Commissioner*, 279 F. App'x 834, 835 (11th Cir. 2008), *aff'g* T.C. Memo. 2006-271; *Knudsen v. Commissioner*, 131 T.C. 185, 189 (2008), *supplementing* T.C. Memo. 2007-340.

[5] Congress repealed sections 71 and 215 with respect to divorce or separation instruments executed or modified after December 31, 2018. Tax Cuts and Jobs Act of 2017, Pub. L. No. 115-97, § 11051, 131 Stat. 2054, 2089. That repeal does not affect this case.

**[*5]** 205 F.3d 1333 (4th Cir. 2000); *see also Aames v. Commissioner*, 94 T.C. 189, 192–93 (1990) (explaining that because interest compensates for delay in the receipt of funds, interest awarded in a judgment is generally taxable regardless of how the judgment principal is, or is not, taxed).

The proper characterization of a payment (or a portion thereof) as alimony, child support, or interest for federal tax purposes is governed by federal law. *See Henry v. Commissioner*, 76 T.C. 455, 458 (1981). To determine whether a taxpayer has received interest payments with respect to child support arrearages, we have previously considered the following types of evidence: (1) a taxpayer's admission that she received payments in connection with child support arrearages; (2) state court child support payment records; and (3) the existence of a state court order directing the payment of interest on arrearages. *See Fankhanel*, 76 T.C.M. (CCH) at 815.

The evidence in this case strongly supports the conclusion that petitioner received interest as reported to respondent by the State of Alabama. First, as we have noted, petitioner does not dispute that she received the amount reported on Form 1099–INT in connection with a child support arrearage. Nor does she dispute that her former spouse failed to timely make child support payments that he was obligated to make, thus depriving her of the use of the money owed. Second, the state court's order, as amended, specifically directed the payment of child support and interest in particular amounts. That disposition is consistent with Alabama law, under which interest on a past due child support obligation accrues by statute and must be included in any judgment fixing the amount of child support arrearages, even if the party seeking payment has not requested an interest award. *See T.L.D. v. C.G.*, 849 So. 2d 200, 203–04 (Ala. Civ. App. 2002); *Walker v. Walker*, 828 So. 2d 943, 945 (Ala. Civ. App. 2002). Finally, the amounts set forth in the Payment Summary are consistent with the amounts of principal and interest determined in the state court's order, as amended, and with the amount of interest reported to respondent on Form 1099–INT.

Petitioner has not directed our attention to sufficient evidence to persuade us that she did not receive interest income in connection with the child support arrearage. At trial, petitioner referred to certain county child support payment records indicating that, at some point before the issuance of the state court's order, as amended, the amount of the arrearage principal may have been larger than the amount that the state court ultimately determined. Although petitioner testified

**[\*6]** that she raised this issue with the state court by letter, she admitted upon questioning by the Court and cross-examination by respondent's counsel that the state court had not taken any action based upon her letter, that she did not appeal the state court's judgment, and that she was not aware of any other order of the state court or any state appellate court modifying the judgment. Moreover, even if we assume that petitioner is correct that the state court understated the amount of the arrearage principal, any increase in the principal would have served only to increase the amount of interest due to petitioner. The county payment records on which petitioner relies thus give no indication that any portion of the amount reported on Form 1099–INT should be treated as child support principal rather than as interest.

We are therefore persuaded by a preponderance of the evidence that petitioner received interest on past due child support during 2015, as determined in the notice of deficiency, and we so find. The interest must be included in petitioner's gross income for the year at issue pursuant to section 61(a)(4). We will accordingly sustain respondent's deficiency determination.

To reflect the foregoing,

*Decision will be entered for respondent.*